CHUTZ, J., concurring.
I concur in the result reached in the majority opinion. In order to reach that result, however, I believe it is unnecessary to overrule any portion of Matter of Succession of Scott , 12-0142, 12-0350, 2013 WL 12114718 (La. App. 1st Cir. 3/6/13) (unpublished), writ denied, 13-0720 (La. 5/17/13), 118 So.3d 372.
GUIDRY, J., dissenting in part.
I respectfully disagree with the majority's reversal of the trial court's judgment denying Serigne, Cure, and Henderson's exception raising the objection of no right of action. Based on this court's previous decision in Succession of Scott, 12-0350, 2013 WL 12114718 (La. App. 1st Cir. 3/6/13) (unpublished opinion), I would find that Cherry, as the executrix acting in good faith, can join in an action to seek the invalidation of the decedent's will, as such action is in furtherance of her fiduciary duty of ensuring that the decedent's estate is transmitted to the decedent's heirs and legatees in accordance with the decedent's wishes.
GUIDRY, J., dissents in part.
PETTIGREW, J., DISSENTS, AND ASSIGNS REASONS.
I respectfully dissent from the majority's opinion.
I agree that the testator had testamentary capacity. I disagree with the majority and the trial court that there was undue influence upon the testator at the time she executed her last will and testament. I would reverse the trial court on that issue. I would maintain the validity of the will in all respects.
*766 I am also of the opinion we should follow the matter of Succession of Scott , 12-0350, 2013 WL 12114718 (La. App. 1 Cir. 3/6/13), writ denied , 13-0720 (La. 5/17/13), 118 So.3d 372.